IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARY OLUFUNMILAYO ADEKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>HH MARBLE PROPERTY, LLC,<br><br>    Defendant. | Civil Case No.:  SAG-25-2418 |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This lawsuit arises out of a dispute between Plaintiff Mary Olufunmilayo Adekson and the landlord of her apartment complex in Baltimore City. Plaintiff filed the Complaint and a motion to proceed *in forma pauperis* on July 24, 2025. ECF 1, 2. For the reasons set forth below, the Complaint must be dismissed for lack of federal subject-matter jurisdiction.

Plaintiff resides in Maryland. ECF 1 ¶ 1. The Complaint provides no information about the citizenship of Defendant HH Marble Property, LLC. *Id.* The Complaint includes claims for "Denial and Weaponization of Essential Utilities," "Weaponization of Eviction and Fees," "Harassment and Degrading Treatment," and "Internet Hacking." *Id.* As relief, Plaintiff seeks a trial, unspecified "economic and non-economic damages," an order restraining Defendant from refusing to renew her lease, a refund of extraneous fees, and an order requiring her landlord to desist from harassing and abusive acts. *Id.* ¶¶ 26–33. The Complaint references pending state court litigation. *Id.* ¶ 1.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). If a "court determines at any time that it lacks subject-matter jurisdiction, the court must

dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court"). The facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). The "burden of establishing subject matter jurisdiction is on…the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010).

A plaintiff must invoke at least one of the two bases of subject matter jurisdiction: federal question jurisdiction or diversity jurisdiction. Federal question jurisdiction exists when a plaintiff brings at least one of her claims pursuant to the "Constitution, laws, or treaties of the United States[.]" 28 U.S.C. § 1331. Where the plaintiff only presents state law claims, federal question jurisdiction exists only if "a federal issue is: '(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *Mayor and City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 190 (4th Cir. 2022) (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). For a federal issue to be "necessarily raised," it must be "a necessary element of one of the well-pleaded state claims." *Id.* The Complaint makes no reference to the Constitution or to any federal laws or treaties and her state law claims do not appear to involve any federal questions as necessary elements. Accordingly, Plaintiff has not established federal question jurisdiction.

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between …citizens of different States." 28 U.S.C. § 1332(a)(1). The Complaint does not allege that Plaintiff and Defendant are citizens of different

2

states, nor does it specify the total amount in controversy or include facts establishing that the amount exceeds $75,000. As a result, Plaintiff has not established diversity jurisdiction either.

Lastly, to the extent Plaintiff asks this Court to enjoin or interfere in state court proceedings, the Anti-Injunction Act prohibits this Court from granting "an injunction to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

Because this Court lacks subject matter jurisdiction, the Complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff's motion to proceed *in forma pauperis* will be GRANTED. A separate order follows.

July 28, 2025  /s/
Date  Stephanie A. Gallagher
United States District Judge